CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 1 5 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ADAM NELSON, on Behalf of Himself and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TIDAL BASIN HOLDING, INC. and VANGUARD EMERGENCY MANAGEMENT,<br><br>Defendant. | Civil Action No. 5:19-cv-00030<br><br><br>By: Michael F. Urbanski<br>Chief United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on plaintiff Adam Nelson's motion to transfer venue. ECF No. 27. The defendants Tidal Basin Holdings, Inc. and Vanguard Emergency Management have responded in opposition, ECF No. 29, and plaintiff Adam Nelson then replied. ECF No. 30. The court heard argument on November 5, 2019. ECF No. 31. For the reasons stated below, the court **DENIES** the motion.

I.

This case centers on current and former workers classified as independent contractors by defendants Tidal Basin Holdings, Inc. and Vanguard Emergency Management ("defendants"). ECF No. 1, at 1. Plaintiff Adam Nelson ("Nelson") seeks to represent these independent contractors in a nationwide collective action. Id. Nelson contends that defendants "knowingly and deliberately failed to compensate [him] and the Class Members at the rate of time and one half their regular rate of pay for all hours worked over 40 in a

workweek as required under the Fair Labor Standards Act ('FLSA')." Id. Nelson seeks to recover, for himself and for the putative collective action members, all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b). Id. at 2.

Nelson currently lives in Cypress, Texas. The putative collective action members are all current and former "Housing Inspectors" who were classified as independent contractors during the three-year period prior to the filing of this Complaint to present. ECF No. 1, at 1. Defendant Tidal Basin Holdings, Inc. is a Virginia for-profit corporation. Id. Vanguard Emergency Management is a company with its headquarters in Virginia, wholly owned, controlled, and operated by Tidal Basin Holdings, Inc. Id. at 3. Vanguard provides housing inspection services for individuals whose homes have been damaged by a natural disaster. Id. Defendants are paid by the federal government as part of FEMA's disaster relief program and provide house inspection services across the country, including in California, Texas, Florida, and Puerto Rico. Id. Defendants employ housing inspectors like Nelson and the putative class members to do this. Id. For their work, housing inspectors were paid a pre-established rate per home inspected and were reimbursed for travel. Id. at 4.

Nelson contends that he and the putative class members were subject to defendants' control, had to follow very strict rules and regulations, and had all their work reviewed and corrected by defendants, and yet were classified as independent contractors. ECF No. 1, at 6. Nelson further alleges that he and the putative collective action members worked in excess of 40 hours each week, but received no overtime. Id. at 6. Nelson now requests the transfer of venue to the Southern District of Texas, Galveston Division.

## II.

Under 28 U.S.C. § 1391(b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." However, a district court may, "[f]or the convenience of parties and witnesses, in the interest of justice[,] [. . .] transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). Courts typically consider "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) the convenience of the parties; and (4) the interest of justice." Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs. Inc., 791 F.3d 436, 444 (4th Cir. 2015). The party moving for transfer bears the burden of demonstrating that the balance of interests weighs in favor of transfer. See, e.g., Uretek, ICR Mid-Atlantic, Inc. v. Adams Robinson Enters., Inc., No. 3:16CV00004, 2017 WL 4171392, at *5 (W.D. Va. Sept. 20, 2017) (citations omitted).

In ruling on motions to transfer venue, courts must first determine the threshold issue of whether the lawsuit could have initially been filed in the court to which transfer is sought. 28 U.S.C. § 1404(a). See also Dickson Props., LLC v. Wells Fargo Bank, N.A., No. 7:16-cv-527, 2017 WL 3273380, at *2 (W.D. Va. Aug. 1, 2017) ("Whether to transfer venue therefore turns on two questions: (1) whether venue is proper in the proposed transferee district, and (2) whether considerations of justice and convenience justify the transfer." (emphasis added) (citing Koh v. Microtek Int'l, Inc., 250 F. Supp. 2d 627, 630 (E.D. Va. 2003))).

Courts must next determine "whether considerations of justice and convenience justify the transfer" sought. Dickson Props., 2017 WL 3273380, at *2. "The convenience of the witnesses is of considerable importance in determining whether a transfer of venue is appropriate under Section 1404(a)." Mullins v. Equifax Info. Servs., LLC, No. Civ. A.

3:05CV888, 2006 WL 1214024, at *7 (E.D. Va. Apr. 28, 2006). However, district courts accord greater consideration to the convenience of non-party witnesses, who, unlike party witnesses, are not presumed to be willing to testify in a forum which is a great distance from where they reside. Id.

### III.

Nelson argues that venue ought to be transferred to the United States District Court for the Southern District of Texas, specifically, the Galveston Division. Nelson points out that the case could have originally filed this action there, as this is where Nelson resides and where he completed a substantial amount of the work underlying his claim.[1] Nelson points out that he and other putative collective action members worked for defendants in the Southern District of Texas, and that the district court for the Southern District of Texas may exercise personal jurisdiction over defendants due to their contacts with Texas and their business dealings in Texas. See, e.g., Gonzalez v. D & P Prof'l Servs., Inc., No. 1:13cv902, 2014 WL 1285895, at *2 (E.D. Va. Mar. 31, 2014) (in case brought under the Fair Labor Standards Act, district court held personal jurisdiction over a defendant case who employed plaintiff in the state in which the district court sat).

Nelson asserts that, though the Galveston Division was not Nelson's initial choice of forum, deference to an initial choice is not mandatory when the plaintiff does not object to a transfer, citing Perkins v. Town of Princeville, 340 F. Supp. 2d 624, 628 (M.D.N.C. 2004). Nelson also asserts that numerous courts have expressly rejected a requirement that plaintiffs

---

[1] Under § 1391(b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."

4

must establish a change in circumstances when they try to transfer venue from their initial forum selection. See Central Hudson Gas and Elec. Corp. v. Empresa Naviera Santa S.A., 769 F. Supp. 208, 209 (E.D. La. 1991) (granting plaintiff's transfer motion and noting court was "unwilling to force parties to proceed in a forum that is inconvenient for all and that does not best serve the interests of justice simply because the plaintiff filed suit in that forum first"). Finally, Nelson argues that, due to the meaningful presence of witnesses in the Galveston Division and because the transfer will not significantly inconvenience the defendants, considerations of justice and convenience justify the transfer. Multiple witnesses who saw the work performed by Nelson and putative collective action members reside in the Southern District. Nelson resides in the Southern District of Texas, and while defendants do not, Nelson argues that, as large corporations, they possess adequate financial resources to defend this action in any forum. Finally, Nelson asserts that the Galveston Division is the "nexus of the controversy" of this case, Rockingham, 2011 WL 5526092, at *6, because a substantial part of the events giving rise to the claims occurred in the Galveston Division, including the actual work performed by Nelson and the class members, and the Galveston Division was the hardest hit by the natural disasters in the Southern District of Texas with which the class members work was concerned.

Defendants respond that Nelson chose this forum and has thus waved his right to object to it. See Hostetler v. Dillard, No. 3:13CV351-WHB-RHW, 2013 WL 4459070, at *2 (S.D. Miss. Aug. 20, 2013) ("Given that Defendant filed a responsive pleading prior to Plaintiff's motion to transfer venue and given Defendant's objection to a transfer of venue, the Court finds that Plaintiff's request for a transfer of venue is now untimely. In the absence

of controlling Fifth Circuit precedent to the contrary, the Court finds that pursuant to Olberding, Plaintiff has waived his right to object to venue."). Defendants disagree that no change of circumstances need be shown for Nelson to secure a transfer of venue and argue that no new facts or changed circumstances warrant a transfer now. See, e.g., Moto Photo, Inc. v. K.J. Broadhurst Enterprises, Inc., No. 301CV2282-L, 2003 WL 298799, at *3 (N.D. Tex. Feb. 10, 2003) ("[I]n order to prevail, a plaintiff must show that circumstances have changed since the filing of suit."). Defendants point out that the classification of Nelson and the putative collective action members as independent contractors is based on their own alleged policies, practices, or standards that would have been created at their headquarters in Winchester, making Winchester the center of gravity for the action.

Finally, defendants claim that Harrisonburg, Virginia is on balance a far more convenient forum. Defendants employed housing inspectors from almost every state. They performed their work all over the country. This fact makes Texas a no more convenient forum for litigation than Virginia. Meanwhile, all relevant operational decisions occurred at defendants' corporate headquarters in Winchester, and thus it is highly probable that the bulk of all relevant documents and witnesses will be located there. On balance, defendants assert that the § 1404(a) factors favor litigation here.

### IV.

The court sees no reason to transfer venue to the Southern District of Texas in this case. In balancing the factors at play to determine whether a transfer of venue is appropriate under § 1404(a), the court must look to the convenience of the witnesses, the interests of the parties, and the fair administration of justice. Pragmatus AV, LLC v. Facebook, Inc., 769 F.

Supp. 2d 991, 994–95 (E.D. Va. Jan. 27, 2011). In weighing these factors, the court does not conclude that the Southern District of Texas provides a better or more convenient forum to the parties than the Western District of Virginia. As the Complaint makes clear, the subject matter of this case relates to forums all over the country. Nelson alleges a nationwide collective action. He and the putative collective action members performed services all over the country, as defendants provide services across the country. ECF No. 1, at 3. Given that members of this action and witnesses to the members' work will come from all over the country, Nelson's desired forum in the Southern District of Texas provides a no more convenient forum than any other in the nation. See Dean Foods Co. v. Eastman Chemical Co., No. 00 C 3675, 2000 WL 1557915, at *4 (N.D. Ill. Oct. 19, 2000) (concluding that, when witnesses would be called from many different states, convenience of the witnesses neither favored nor disfavored transfer).

Furthermore, defendants are located here and are at home here. As defendants assert, many witnesses who will testify as to the classification of Nelson and the putative collective action members as independent contractors, like the defendants' employees, live and work in and around Winchester, Virginia. See Mumani v. Bustamante, 547 F. Supp. 2d 465, 473 (D. Md. April 15, 2008) (convenience of the witnesses is the most important factor in the determination of whether to transfer venue). Documents in the control of defendants that may be offered into evidence are kept in Winchester, Virginia. Transporting both witnesses and documents to Texas would impose significant inconvenience to defendants and witnesses.

Of course, requiring Nelson to travel to Virginia imposes significant inconvenience upon him. But Nelson chose to file his case here originally, and transfers are "not appropriate

where the only justification is to shift the balance of inconveniences from one party to another." Moto Photo, Inc., 2003 WL 298799, at *4. Without deciding whether a plaintiff must show a change of circumstances to transfer venue after initially filing in a certain forum, the court notes that there has been no such change of circumstances in the six intervening months between the date Nelson filed his suit and the date he filed the instant motion.

Finally, the interests of justice do not dictate that the court transfer this action to the Southern District of Texas. "Relevant considerations in evaluating the 'interests of justice' are the pendency of a related action; the court's familiarity with the applicable law; docket conditions; access to premises that might have to be viewed; the possibility of unfair trial; the ability to join other parties; and the possibility of harassment." Nationwide Mut. Ins. Co. v. Overlook, LLC, Civil No. 4:10cv00069, 2010 WL 2520973, *9 (E.D. Va. June 17, 2010). During argument, counsel for Nelson referenced another case concerning similar issues that had been filed in the Southern District of Texas by a housing inspector and for which a liability finding was issued; counsel for defendants responded that this case dealt with unemployment benefits and is largely unrelated. Counsel for Nelson also argued that the Galveston Division has no criminal docket and thus may be able to address this case more quickly and efficiently, but acknowledged that this division and the Galveston Division "are nearly the same in terms of efficiency." Counsel for Nelson also expresses no doubt that a trial in this forum poses no risk of an unfair trial, and does not express concern regarding harassment or the court's familiarity with applicable law.

The court finds no reason to transfer venue to the Southern District of Texas.

Nelson's motion to transfer venue, ECF No. 27, is **DENIED**.

An appropriate Order will be entered.

Entered: 11-15-2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge